# The district court of the United States
# for the Northern District of Florida

Gregory Dean Williams
206 Diamond Cove
Destin, Florida

Claimant [Plaintiff],

v.

JOHN T. BROWN,
1940 Lewis Turner Boulevard, Suite 3-349
Fort Walton Beach, FL 32547

TERRANCE R. KETCHEL,
1804 Lewis Turner Boulevard
Fort Walton Beach, FL 32547

WILLIAM F. STONE,
1940 Lewis Turner Boulevard
Fort Walton Beach, FL 32547

JD PEACOK II,
601-b N Pearl St.
Crestview, Florida 32536-2749

JOHN A. TOMASINO,
500 South Duval Street
Tallahassee, Florida 32399-1927

OKALOOSA COUNTY CLERK OF CIRCUIT COURT,
601-b N Pearl St, Crestview, Florida 32536-2749

THE STATE OF FLORIDA OF JUDICIARY COURTS
101 E James Lee Blvd Rm 1, Crestview, FL 32536-3552

Case No: 3:19cv00001-MCR-EMT

**Trial by Jury**

FILED USDC FLND PN
JAN 2 '19 AM9:50

SHD LEGAL GROUP, P.A.
499 NW 70th Ave
Plantation, Florida 33317-7500

ROBINSON P A GRAY
333 S.E. 2nd Avenue, Suite 3200
Miami, Florida 33131-2191

Wrongdoers [Defendants],

_____/

## CLAIM [VERIFIED CIVIL COMPLAINT]

Now Comes gregory dean Williams, *sui juris*, (hereinafter Plaintiff) in the above entitled action with personal knowledge of the claims set forth herein (hereinafter Complaint) and as one of the people of Florida and of the United States of America, in correct public capacity, being of majority age, competent to testify with clean hands, claims and verifies against the listed wrongdoers (hereinafter Defendants) as follows:

### INTRODUCTION

1. This Complaint regarding a criminal foreclosure perpetrated against the Plaintiff's property is not simply about the deprivation of the Plaintiff's rights by a few corrupt public servants conspiring with criminal banks under color of law, but of the systemic contempt of the court system in this country for the people by whom it was created to serve. This contempt is especially manifested against those people who cannot easily afford an attorney member of the private BAR guild which has a monopoly on the courts, and so choose to defend themselves under the

belief that they will be treated fairly and with justice because they have right on their side. As this Complaint will prove, that belief could not be further from the truth. Even in this District, in this very case, Plaintiff is denied the same equal electronic access as is given to BAR attorneys per N.D. Fla. Loc. R. 5.4(A)(3).

2. The courts in case after case have found the banks guilty of committing fraudulent acts to support their criminal foreclosure actions thus fining the banks billions of dollars, yet judges and lawyers still proceed on the false belief that the banks are loaning money to people that are defaulting on their debts. The courts justify their criminal aiding and abetting of this fraud by the false belief and pre-determined conclusion that everything the banks state is true and the people owe the banks a debt that must be paid despite the banks having been less than diligent in their record keeping. The courts require the people to obey the law and pay these alleged debts while allowing the banks to ignore the law with impunity providing falsified documents and incompetent testimony as evidence of their false allegations while any true authentic evidence provided by the people in their defense is ignored and dismissed.

3. The banks loan nothing. The banks risk nothing. The banks steal people's promissory notes and fraudulently portray the credit they exchange for the deposit of the note as a loan. This falsely engineered belief that a loan has taken place portraying the promissor/depositor as a borrower, fraudulently induces the

promissor to sign a mortgage on the promissor's property. The credit the banks provide is not money and is not a loan and is not transferred from any other source. The credit is produced out of thin air. Thus the bank's failure to provide any consideration precludes any injury. Additionally, the bank facilitates the theft of the promissory note, and the value thereof, by failing to provide a receipt to the promissor for the note nor in anyway expressing the value of the note as ever belonging to the promissor who was the creator and owner of the note.

4. The officers of the courts violate their constitutional oaths, statutes, rules, regulations, precedents and immemorial maxims of law in support of the criminal actions of the banks and in doing so, conspire to steal the people's property by violating the rights of the people and the laws of the United States of America.

### THE PARTIES

5. This action is brought by Gregory Dean Williams, a private man whose domicile and subject property is within the county of Okaloosa, Florida state.

6. Defendant John T. Brown is a judge for the First Judicial Circuit Court in Okaloosa County, Florida.

7. Defendant Terrance R. Ketchel is a judge for the First Judicial Circuit Court in Okaloosa County, Florida.

8. Defendant William F. Stone is a judge for the First Judicial Circuit Court in Okaloosa County, Florida.

9. Defendant JD Peacock II is a clerk for the First Judicial Circuit Court in Okaloosa County, Florida.

10. Defendant John A. Tomasino is a clerk for the Supreme Court of Florida.

11. Defendant OKALOOSA COUNTY CLERK OF CIRCUIT COURT (hereinafter COUNTY CLERK) is a corporation, D-U-N-S number 080560309, conducting business in Okaloosa County, Florida.

12. Defendant THE STATE OF FLORIDA OF JUDICIARY COURTS (hereinafter FLORIDA COURTS) is a corporation, D-U-N-S number 555438233, conducting business in Okaloosa County, Florida.

13. Defendant SHD LEGAL GROUP, P.A. (hereinafter SHD) is a corporation, D-U-N-S number 047944151, and a debt collector representing FEDERAL NATIONAL MORTGAGE ASSOCIATION and conducting business in Okaloosa County, Florida.

14. Defendant ROBINSON P A GRAY (hereinafter GRAY) is a corporation, D-U-N-S number 014079410, and a law firm representing SUNTRUST BANK and conducting business in Okaloosa County, Florida.

## JURISDICTION AND VENUE

15. This District court has personal jurisdiction over the Defendants because the Defendants conducted their business in Okaloosa County, Florida within this District and committed acts under color of law within this District

that deprived Plaintiff of his rights as listed in the 5th, 7th & 14th Amendments and violated one or more Acts of Congress.

16. This District court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because the action arises under the laws of the United States, pursuant to 28 U.S.C. §1355(a) because this is an action for the recovery or enforcement of a fine or penalty incurred under an Act of Congress, pursuant to 42 U.S.C. §1983 and §1985 under the Civil Rights Act, pursuant to 15 U.S.C. §1692i of the Fair Debt Collection Practices Act (FDCPA), and pursuant to 18 U.S.C. §1961 - §1968 of the Racketeer Influenced and Corrupt Organizations Act (RICO). Plaintiff may sue for deprivation of rights under color of law per *Owen v. City of Independence*, 445 U.S. 622 at 654 (1980):

> Section 1983 provides a private right of action against "[e]very person" acting under color of state law who imposes or causes to be imposed a deprivation of constitutional rights.

There is no immunity for depriving Plaintiff of his constitutionally protected rights per *Owen v. City of Independence, Id* at 635:

> By its terms, § 1983 "creates a species of tort liability that, on its face, admits of no immunities." *Imbler v. Pachtman*, 424 U. S. 409, 424 U. S. 417 (1976). Its language is absolute and unqualified; no mention is made of any privileges, immunities, or defenses that may be asserted. Rather, the Act imposes liability upon "every person" who, under color of state law or custom, "subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. [Footnote 16]"

17. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(1) and §1391(b)(2).

## BACKGROUND

18. An attempt to collect an alleged debt was initiated by the debt collector SHD on behalf of FEDERAL NATIONAL MORTGAGE ASSOCIATION (FNMA) by filing a foreclosure complaint, case no. 2013 CA 003424 F (hereinafter Foreclosure Case), in the First Judicial Circuit Court of Okaloosa County, Florida on July 30, 2013 against the Plaintiff and his property.

19. Plaintiff filed a cross-claim against co-defendant SUNTRUST BANK (hereinafter SUNTRUST), parent corporation of the lender named on Plaintiff's promissory note, to whom a Default was entered by the Clerk on 2/4/2014. After multiple motions and hearings notifying SUNTRUST as ordered by Judge Brace, a default final judgment of Plaintiff's cross-claim against SUNTRUST was recorded on 6/11/2014 which included orders to return Plaintiff's Promissory Note and all loan payments made to SUNTRUST's wholly owned subsidiary, SunTrust Mortgage, Inc. At the hearing in a public courtroom where, and only after Plaintiff's repeated objections and arguments, Judge Brace ordered the default against SUNTRUST, Judge Brace declared he was "washing his hands of this case" stating his intention to withdraw from the case.

20. Judge John T. Brown, agent for FLORIDA COURTS, was assigned to the case on 7/15/2014. Judge Brown held all hearings, including the non-jury trial, in his private chambers and repeatedly had exparte communications with opposing counsel, even to the point of whispering to opposing counsel in front of Plaintiff flouting with impunity his obvious prejudice against Plaintiff and contempt for Plaintiff's rights.

21. On 9/22/2014, Alexandra de Alejo, agent for GRAY, attorney for SUNTRUST, filed an emergency motion to vacate the clerk's default and final default judgment against SUNTRUST. Judge Brown filed an order on 10/27/2014 granting GRAY's emergency motion to vacate the default judgment based on his ruling of improper service which was a false statement contradicting precedents and the Florida statutes regarding service. On 11/10/2014, GRAY filed a motion to dismiss Plaintiff's cross-claim WITH prejudice. The hearing for GRAY's motion was held on 12/10/2014 where Judge Brown ordered Plaintiff's cross-claim dismissed WITHOUT prejudice giving Plaintiff leave to amend the cross-claim within 20 days. Whereupon GRAY produced a pre-written verbatim order of Judge Brown's ruling indicating beforehand knowledge of the pre-determined outcome which could've only been obtained through exparte communication with Judge Brown. Judge Brown wrongfully vacated Plaintiff's default judgment against

SUNTRUST and wrongfully dismissed Plaintiff's cross-claim on 1/7/2015 and amended cross-claim on 4/16/2015 based on false statements.

22. On 6/16/2015, Judge Brown filed an order for a non-jury trial to be held on 7/23/2015 in his private chambers. Plaintiff filed a demand for a trial by jury on 7/20/2015 which was denied by Judge Brown. Judge Brown ordered a foreclosure judgment against Plaintiff on 7/23/2015 at the non-jury trial in his private chambers supported by Judge Brown's own testimony and arguments practicing law from the bench in an attempt to refute Plaintiff's testimony and evidence because opposing counsel SHD failed to do so. Because of Judge Brown's outrageous unethical behavior, Plaintiff filed a third motion to disqualify Judge Brown on 7/28/2015 (two previous motions were denied). Subsequently on the same day, 7/28/2015, Judge Brown filed his signed order of foreclosure that was backdated to 7/27/2018, the day before the order was filed. Judge Brown then filed an order granting disqualification on 7/29/2018.

23. Judge Terrance R. Ketchel, agent for FLORIDA COURTS, was assigned to the Foreclosure Case on 7/31/2018 who proceeded to deny all of Plaintiff's subsequent motions that were made in light of Judge Brown's disqualification due to his unethical and prejudiced behavior toward Plaintiff thus denying Plaintiff due process. Judge Ketchel denied all of Plaintiff's

motions, including Plaintiff's motion to stay the foreclosure sale pending review, without a hearing or any findings of fact or conclusions of law.

24. On 8/28/2015, Plaintiff filed a notice of appeal (Appeal No. 1D15-3970) to the 1st District Florida Court of Appeals (hereinafter DCA). The DCA granted Plaintiff's motion to stay the foreclosure sale pending the appeal, but on 9/20/2016, the DCA AFFIRMED the circuit court judgment without a hearing or any findings of fact or conclusions of law.

25. On 7/17/2018, Judge William F. Stone, agent for FLORIDA COURTS, was assigned to the Foreclosure Case and on 7/24/2018, Plaintiff filed a demand for proof of jurisdiction requiring SHD to prove jurisdiction or, per rule of law, for the court to dismiss the case and vacate all judgments as void for lack of jurisdiction.

26. On 7/25/2018, Plaintiff filed a Praecipe for Estoppel and Stay of Foreclosure Sale to JD Peacock II, agent for COUNTY CLERK, to prevent the court from moving forward until jurisdiction was proven or the case dismissed which Peacock failed to do.

27. On 08/28/2018, Plaintiff filed a Common Law petition for writ of mandamus with the Clerk of the Supreme Court of Florida, John A. Tomasino, who converted it to a Statutory petition, case no. SC18-1467, and refused to submit it to the court demanding payment of $300. On 10/02/2018, Plaintiff

mailed a letter to Tomasino informing him he was violating Plaintiff's rights obstructing justice and to submit Plaintiff's petition without charge.

28. On 10/09/2018, Plaintiff filed a 2nd demand into the Foreclosure Case to prove jurisdiction or dismiss the case. SHD and the court failed to respond and on 10/25/2018 Judge Stone filed an order to reset the foreclosure sale to 1/7/2019.

29. On 10/26/2018, Plaintiff mailed a 2nd letter to Tomasino demanding he submit Plaintiff's common law petition to the Supreme Court of Florida, but Tomasino failed to do so and on 11/14/2018 Tomasino dismissed Plaintiff's petition for writ of mandamus to the Supreme Court of Florida.

30. On 11/26/2018, the United States Bankruptcy Court for the Northern District of Florida, case no. 18-30291-KKS, discharged Plaintiff's alleged debt to FNMA, the debt which was the basis for the SHD Foreclosure Case.

31. On 12/11/2018, Plaintiff filed a motion to vacate Judge Stone's void order to reset foreclosure sale as the court was estopped for lack of jurisdiction.

32. On 12/14/2018, Plaintiff filed a notice of intent to sue and mailed via U.S. Certified Mail a copy of the notice to all Defendants.

## FACTUAL ALLEGATIONS

33. On 08/09/2013, SHD, alleged representative for FNMA, served Plaintiff the Foreclosure Case in an attempt to collect a debt. Included with the Foreclosure

Case was a communication from SHD titled FAIR DEBT COLLECTION PRACTICES ACT VALIDATION (copy annexed hereto as Annex A), which stated in part "This communication is from a debt collector and this is an attempt to collect a debt and any information obtained will be used for that purpose."

34. Plaintiff, being a Consumer as defined in 15 U.S.C. §1692a(3), disputed the debt, requested validation of the alleged debt and ordered all communications to cease in regards to the alleged debt in a letter mailed to SHD on 8/23/2013 (copy annexed hereto as Annex B). Being uneducated in the law and unable to afford an attorney, Plaintiff mistakenly fought the debt collection in the Florida tribunal unaware of this District court's jurisdiction and SHD's violation of the FDCPA.

35. The Foreclosure Case SHD advanced was regarding an alleged "debt" as defined in 15 U.S.C. §1692a(5) and SHD is a debt collector as defined in §1692a(6). SHD in violation of the FDCPA failed to bring the debt collection action in a judicial district and a court thereof as defined in 28 USC §132(a) pursuant to §1692i of the FDCPA. Foreclosures are debt collections under the FDCPA per *Kaymark v. Bank of America, NA* 783 F. 3d 168 (3rd Cir.2015):

> Nowhere does the FDCPA exclude foreclosure actions from its reach. On the contrary, foreclosure meets the broad definition of "debt collection" under the FDCPA, *see McLaughlin,* 756 F.3d at 245 (defining "debt collection" as "activity undertaken for the general purpose of inducing payment"), and it is even contemplated in various places in the statute, see, e.g., 15 U.S.C. § 1692i (discussing procedures for "action[s] to enforce an interest in real property securing the consumer's obligation"); *Glazer v. Chase Home Fin. LLC,* 704 F.3d 453, 461 (6th Cir.2013)

Page 12 of 21

(explaining why "[f]oreclosure's legal nature... does not prevent it from being debt collection"). Udren would have us "create an enormous loophole in the [FDCPA] [by] immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect the debt." *Wilson v. Draper & Goldberg, P.L.L.C.,* 443 F.3d 373, 376 (4th Cir.2006). We will not. Like the Court explained previously, "if a collector were able to avoid liability under the FDCPA simply by choosing to proceed *in rem* rather than *in personam,* it would undermine the purpose of the FDCPA." *Piper,* 396 F.3d at 236 (internal quotation marks omitted).

Therefore, FNMA being a debt collector, is not authorized to bring a legal action regarding the alleged debt per 15 USC §1692i(b). See *GIGLI v. PALISADES COLLECTION, LLC,* Dist. Court, MD Pennsylvania, 2008:

> But a consumer's failure to dispute a debt, in and of itself, does not license a debt collector to pursue legal action against the consumer. Indeed, the FDCPA negates any such suggestion. See 15 U.S.C. § 1692i(b) ("Nothing in [the FDCPA] shall be construed to authorize the bringing of legal actions by debt collectors.")

36. SHD attempted to enforce a fraudulent mortgage as stated in the 6/10/2015 affidavit of Plaintiff (copy annexed hereto as Annex C) by committing fraud and making false statements conspiring with the FLORIDA COURTS to steal Plaintiff's property and violating the RICO act.

37. SHD filed an obviously poor copy of Plaintiff's promissory note, per the examination by Plaintiff as stated in item 40 of the Annex C affidavit, into the Foreclosure Case on 03/07/2014 falsely alleging it to be the original note thus committing fraud on the court and forging a security instrument. SHD also violated Plaintiff's due process of law by proceeding after Plaintiff's challenge of

jurisdiction and failing to provide proof of jurisdiction per *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936):

> …if his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof, … or the case be dismissed.

38. GRAY conspired with Judge John T. Brown to vacate the default judgment against SUNTRUST of Plaintiff's cross-claim in exparte communications and making false statements thereby obstructing justice.

39. Judge John T. Brown, agent for FLORIDA COURTS, conspired with SHD's fraud to deprive Plaintiff of his property, conspired with GRAY to obstruct justice, deprived Plaintiff of his right to a trial by jury, a public hearing and as stated in Plaintiff's July 23, 2015 affidavit supporting Judge Brown's disqualification (copy annexed hereto as Annex D) making false statements against Plaintiff denying him due process of law and further obstructing justice.

40. Judge Terrance R. Ketchel, agent for FLORIDA COURTS, conspired with SHD's and John T. Brown's fraud & false statements to deprive Plaintiff of his property denying Plaintiff due process of law and obstructing justice.

41. Judge William F. Stone, agent for FLORIDA COURTS, conspired with SHD's and John T. Brown's fraud & false statements to deprive Plaintiff of his property denying Plaintiff due process of law and obstructing justice. Judge Stone additionally violated Plaintiff's due process of law by proceeding after Plaintiff's

challenge of jurisdiction and SHD's failure to provide proof of jurisdiction per

*Melo* v. *US*, 505 F2d 1026 (1974):

> Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action.

42. JD Peacock II, agent for COUNTY CLERK, conspired with SHD's and John T. Brown's fraud & false statements to deprive Plaintiff of his property and denying Plaintiff due process of law and obstructing justice. Peacock further denied Plaintiff due process by failing to process Plaintiff's Praecipe for Estoppel and Stay of Foreclosure Sale.

43. John A. Tomasino conspired with FLORIDA COURTS and COUNTY CLERK and made false statements depriving Plaintiff due process of law and obstructing justice.

## COUNT I
## DEPRIVATION OF DUE PROCESS OF LAW

44. The claims and allegations made in paragraphs 1 through 43 above are incorporated herein by reference.

45. Defendants John T. Brown, Terrance R. Ketchel, William F. Stone, JD Peacock II, John A. Tomasino, COUNTY CLERK, FLORIDA COURTS and SHD, as described above, denied Plaintiff his right of due process of law as protected by the 5th & 14th Amendments to the Constitution for the United States of America and violating 42 U.S.C. §1983 and §1985 of the Civil Rights Act.

## COUNT II
## OBSTRUCTION OF JUSTICE

46. The claims and allegations made in paragraphs 1 through 43 above are incorporated herein by reference.

47. Defendants John T. Brown, Terrance R. Ketchel, William F. Stone, JD Peacock II, John A. Tomasino, COUNTY CLERK, FLORIDA COURTS, as described above, conspired to obstruct justice in violation of 18 U.S.C. §1505.

## COUNT III
## DEPRIVATION OF TRIAL BY JURY

48. The claims and allegations made in paragraphs 1 through 43 above are incorporated herein by reference.

49. Defendants John T. Brown, Terrance R. Ketchel, William F. Stone, and FLORIDA COURTS, as described above, denied Plaintiff his right to a trial by jury as protected by the 7th Amendment to the Constitution for the United States of America violating 42 U.S.C. §1983 and §1985 of the Civil Rights Act.

## COUNT IV
## VIOLATION OF THE RICO ACT

50. The claims and allegations made in paragraphs 1 through 43 above are incorporated herein by reference.

51. All Defendants, as described above, conspired to violate the RICO Act 18 U.S.C. §1961 - §1968.

## COUNT V
## FRAUD AND FALSE STATEMENTS

52. The claims and allegations made in paragraphs 1 through 43 above are incorporated herein by reference.

53. All Defendants, as described above, committed fraud and/or made false statements violating 18 U.S.C. §1001.

## COUNT VI
## VIOLATION OF THE FDCPA

54. The claims and allegations made in paragraphs 1 through 43 above are incorporated herein by reference.

55. SHD, as described above, violated 15 U.S.C. §1692i of the Fair Debt Collection Practices Act.

## COUNT VII
## FORGERY

56. The claims and allegations made in paragraphs 1 through 43 above are incorporated herein by reference.

57. SHD, as described above, violated 18 U.S.C. §513(a) forging a security.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against the Defendants as follows:

1. On Count I, judgment against John T. Brown, Terrance R. Ketchel, William F. Stone, JD Peacock II, John A. Tomasino, COUNTY CLERK, FLORIDA COURTS and SHD, DISMISS WITH PREJUDICE the unauthorized Foreclosure Case brought by the debt collector SHD against Plaintiff's property; VACATE as VOID all judgments against the Plaintiff rendered in the Foreclosure Case for deprivation of due process and therefore for lack of jurisdiction per *Schur v. LA Weight Loss Centers, Inc.*, 577 F. 3d 752 (7th Cir.2009) "Because the district court lacked jurisdiction to determine the merits of the dispute, we VACATE the district court's order striking Schur's second amended complaint;"; award Plaintiff damages for fees and costs; award Plaintiff punitive damages in the amount of $10,000,000; and apply all penalties allowed by law.

2. On Count II, judgment against John T. Brown, Terrance R. Ketchel, William F. Stone, JD Peacock II, John A. Tomasino, COUNTY CLERK, FLORIDA COURTS, DISMISS WITH PREJUDICE the Foreclosure Case; VACATE as VOID all judgments against the Plaintiff rendered in the Foreclosure Case for obstruction of justice; award Plaintiff damages for fees and costs; and apply any and all penalties allowed by law.

3. On Count III, judgment against John T. Brown, Terrance R. Ketchel, William F. Stone, and FLORIDA COURTS, DISMISS WITH PREJUDICE the unauthorized Foreclosure Case brought by the debt collector SHD against

Plaintiff's property; VACATE as VOID all judgments against the Plaintiff rendered in the Foreclosure Case for deprivation of Plaintiff's right to a trial by jury and therefore for lack of jurisdiction per *Schur v. LA Weight Loss Centers, Inc.*, supra; award Plaintiff damages for fees and costs; award Plaintiff punitive damages in the amount of $10,000,000; and apply all penalties allowed by law.

4.   On Count V, judgment against all defendants, DISMISS WITH PREJUDICE the unauthorized Foreclosure Case brought by the debt collector SHD against Plaintiff's property; VACATE as VOID all judgments against the Plaintiff rendered in the Foreclosure Case for violating the RICO Act and therefore for lack of jurisdiction per *Schur v. LA Weight Loss Centers, Inc.*, supra; award Plaintiff damages for fees and costs; award Plaintiff punitive damages in the amount of $10,000,000; and apply any and all penalties allowed by law.

5.   On Count IV, judgment against all defendants, award Plaintiff damages for fees and costs; and apply any and all penalties allowed by law.

6.   On Count VI, judgment against SHD, DISMISS WITH PREJUDICE the unauthorized Foreclosure Case brought by the debt collector SHD against Plaintiff's property; VACATE as VOID all judgments against the Plaintiff rendered in the Foreclosure Case for lack of jurisdiction per *Schur v. LA Weight Loss Centers, Inc.*, supra; award Plaintiff damages for fees and costs pursuant to 15 U.S.C. §1692k; and apply any and all penalties allowed by law.

7. On Count VII, judgment against SHD, DISMISS WITH PREJUDICE the unauthorized Foreclosure Case brought by the debt collector SHD against Plaintiff's property; VACATE as VOID all judgments against the Plaintiff rendered in the Foreclosure Case for forgery of documents and lack of jurisdiction per *Schur v. LA Weight Loss Centers, Inc.*, supra; award Plaintiff damages for fees and costs; and apply any and all penalties allowed by law.

8. For all other and further relief the Court may deem just, proper, and equitable.

## **VERIFICATION**

I, gregory dean Williams, one of the People of Florida and of the United States of America, makes this Verification based on personal knowledge of matters set forth herein and appearing without waiving any rights or remedies, being competent in mind and body to testify, do hereby declare, verify and affirm that the facts stated herein are true, correct, and complete in all material fact, not misrepresented based on my own knowledge to the best of my current information, knowledge and belief under the penalty of perjury of the laws of the United States of America, and is admissible as evidence in a court of law or equity, except as to those matters that are therein made upon information and belief, and as to those claims or facts, I believe them to be true and admissible

as evidence, and if called upon as a witness, I will testify as to the veracity of my statements.

Dated this __2__ day of January, 2019.

All rights reserved without prejudice,

By: _gregory dean Williams_

gregory dean Williams
206 Diamond Cove
Destin, Florida [32541]
Email: greg_d_williams@yahoo.com
Phone: 850-654-4415



# ANNEX A

## FAIR DEBT COLLECTION PRACTICES ACT VALIDATION

Re:   Creditor: FEDERAL NATIONAL MORTGAGE ASSOCIATION
      Date: JUNE 27, 2013
      Promissory Note and Mortgage dated: May 31, 2006

Debt Owed: As of the date of this verification, you owe $229468.97. Because of interest, late charges, attorneys' fees and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call collect (954)-564-0071.

This communication is from a debt collector and this is an attempt to collect a debt owed and any information obtained will be used for that purpose.

Unless you dispute this debt, or any portion of it, within thirty (30) days after you receive this notice, the undersigned law firm will assume that said debt is valid.

If you notify the undersigned attorney in writing within the said thirty (30) day period that the aforesaid debt, or any portion thereof, is disputed, the undersigned attorney will obtain written verification of the debt and mail it to you.

If the above creditor is not your original creditor and you submit a request within the thirty (30) day period for the name and address of the original creditor, we will supply such information to you.

Even though you are required to file a response to the lawsuit prior to the thirty (30) days, your validation rights, as set forth in this notice, shall not expire for the thirty (30) days.

If you do dispute this debt in writing in the thirty (30) day period, we will suspend collection until we send you verification.

SHD Legal Group P.A.
Attorneys for Plaintiff
PO BOX 11438
Fort Lauderdale, FL  33339-1438
Telephone: (954) 564-0071
Facsimile:  (954) 564-9252
Service E-mail:
answers@shdlegalgroup.com

# ANNEX B

To:    SHD Legal Group P.A.                                August 23, 2013
       P.O. Box 11438
       Fort Lauderdale, FL  33339-1438

Certified Mail#: 7010 0780 0000 8200 9446

This letter is in response to the unsigned FDCPA Validation letter dated June 27, 2013
received by myself on August 9, 2013.

I hereby dispute the alleged debt per FDCPA 15 U.S.C. §1692g(b) and deny the validity
of all signatures on all instruments exhibited in the complaint as well as the endorsements
contained therein per Florida Statute §673.3081(1).

I hereby request the name and address of the original creditor and the CUSIP numbers of
all instruments bearing my name including, but not limited to, the alleged Note, alleged
Mortgage, and alleged loan application.

I hereby request verification of the debt and that the alleged holder Fannie Mae currently
holds the original note with wet ink signature with all allonges. Notice that providing a
mere copy of the note is not proof that the note is currently being held and does not
satisfy verification.

Per Title 15 USC §1692c(c) of the Fair Debt Collection Practices Act, I am notifying you
in writing to cease communication with me in regards to this alleged debt.

Also, being that there is no contract between myself and SHD Legal Group, that SHD
Legal Group cease all communications with me regarding this matter.


                        Gregory Dean: Williams
                        All Rights Reserved without prejudice
                        Authorized Representative and Beneficiary of
                        GREGORY D. WILLIAMS ©2010
                        206 Diamond Cove
                        Destin, Florida

# ANNEX C

IN THE CIRCUIT COURT FOR OKALOOSA
COUNTY, FLORIDA. CIVIL DIVISION

FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Case No: 2013 CA 003424 F

Plaintiff,

vs.

GREGORY D. WILLIAMS; et.al.;

Affiants,

_____/

## GREGORY D. WILLIAMS'S AFFIDAVIT IN RESPONSE TO PLAINTIFF'S AFFIDAVIT IN SUPPORT OF STANDING

STATE OF FLORIDA          )
                          ) SS.
COUNTY OF OKALOOSA  )

BEFORE ME, the undersigned affiant, gregory-dean: williams, personally appeared who

after being first duly sworn on oath deposes and affirms:

i, a man, gregory-dean: williams, ("the undersigned"), with personal knowledge of matters set forth herein and as one of the people of Florida, in correct public capacity, being of majority age, competent to testify with clean hands declares and verifies that the facts stated herein are true, correct, and complete in all material fact, not misrepresented and made under the penalties of perjury of the laws of the united States of America and Florida, except as to those matters that are therein made upon information and belief, and as to those claims or facts, the undersigned will testify to the veracity of said statements, hereby submits this statement of facts in response to Plaintiff's Affidavit in Support of Standing in the above titled case number 2013 CA 003424 F in the CIRCUIT COURT FOR OKALOOSA COUNTY, FLORIDA.

1. On May 31, 2006 in Destin, Florida (hereinafter Closing), the agent for SunTrust Mortgage, Inc. (hereinafter Lender) received a Promissory Note (hereinafter Note) from the Affiant for the amount of $246,000.

2. The same one agent at the Closing represented both the Lender and SUNTRUST BANK.

3. Lender did not provide the Affiant with a receipt for deposit of Affiant's Note.

4. The Affiant's deposited Note was the "equivalent of money" as stated in Federal Banking Law USC Title 12 § 1813(l)(1).

**TITLE 12—BANKS AND BANKING>CHAPTER 16 > § 1813. Definitions**
**(l) Deposit**—The term "deposit" means—
(1) the unpaid **balance of money** ... **held by a bank** ... in the usual course of business and **for which it has given ... credit** ... which the bank ... is primarily liable: Provided, That, ... any **such account** ... must be regarded as **evidencing the receipt of the equivalent of money when credited** or issued **in exchange** for checks or drafts or **for a promissory note...** [underlined emphasis added]

5. Lender never loaned any money to Affiant.

6. At the Closing, Lender provided credit to the Affiant in the amount of $233,804.88 in exchange for Affiant's Note per the Lender provided FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT (copy attached as Exhibit A).

7. Lender fraudulently misrepresented the credit provided to Affiant in exchange for Affiant's Note as a loan of money to Affiant.

8. Affiant, induced by the fraudulent misrepresentation of a loan, signed a mortgage (hereinafter Mortgage) at the Closing against Affiant's property located at 206 Diamond Cove, Destin, Florida.

9. There was only one witness present at the Closing who signed the Mortgage.

10. A copy of the Mortgage was provided to Affiant at the Closing immediately after signing was completed (copy attached as Exhibit B) which has been securely kept in Affiant's possession.

11. There is only one witness signature (that of Joy L. Brown who also signed as the Notary) present on the copy of the Mortgage provided to Affiant at the Closing.

12. The signature of Holli Figueras is listed as a second witness on the Mortgage recorded 06/01/2006 in the Okaloosa County records (copy attached as Exhibit C).

13. Holli Figueras is unknown to Affiant.

14. Holli Figueras was NOT PRESENT at the Closing when Affiant signed the Mortgage.

15. Holli Figueras did NOT WITNESS Affiant sign the Mortgage.

16. SUNTRUST BANK'S agent offered Affiant a Home Equity Line Of Credit at the Closing in the amount of $20,000 to which Affiant agreed.

17. Affiant signed a MORTGAGE FOR USE WITH SECURED REVOLVING CREDIT AGREEMENT (hereinafter HELOC) at the Closing for Affiant's property located at 206 Diamond Cove, Destin, Florida.

18. Affiant's signature on the HELOC was NOT notarized at the Closing.

19. A copy of the HELOC was provided to Affiant at the Closing (copy attached as Exhibit D) which has been securely kept in Affiant's possession.

20. The copy of the HELOC provided to Affiant at the Closing is NOT notarized.

21. The signature of J M Moore is listed and dated July 17, 2006 as the Notary on the HELOC recorded 8/21/2006 in the Okaloosa County records (copy attached as Exhibit E).

22. J M Moore is unknown to Affiant.

23. J M Moore was NOT PRESENT at the Closing when Affiant signed the HELOC.

24. J M Moore did NOT WITNESS Affiant sign the HELOC.

25. Affiant has never utilized the line of credit agreement (HELOC) with SUNTRUST BANK that was recorded August 21, 2006 as a lien against Affiant's property.

26. SUNTRUST BANK has never loaned any money to Affiant via the HELOC.

27. Affiant tendered full payment of the sales price of $307,525.00 for the property at 206 Diamond Cove at the Closing consisting of a cash down payment of $64,123.99 and a security interest (Note) of $246,000.00 (copy of Settlement Statement attached as Exhibit F).

28. Affiant received and verbally ACCEPTED at the Closing, the Warranty Deed for the subject property Granted to GREGORY D. WILLIAMS, Grantee from TURNER HERITAGE HOMES OF DESTIN, LLC, Grantor.

29. On March 24, 2015, Affiant recorded in the public records of Okaloosa County, Florida (attached as Exhibit G) Affiant's authenticated affidavit memorializing Affiant's verbal acceptance of the Warranty Deed at the Closing.

30. On March 24, 2015, Affiant recorded in the public records of Okaloosa County, Florida Affiant's authenticated affidavit of ownership of the Birth Certificate of GREGORY DEAN WILLIAMS, said birth certificate being authenticated by the Secretary of State of South Carolina and the Secretary of State of the Untied States with ownership being effective upon Affiant reaching the age of majority 18 years after the date of birth shown on said birth certificate (Exhibit H).

31. Affiant made a timely principal and interest payment in January 2013 of $1514.66 per the Promissory Note.

32. Affiant paid over 6 years of monthly payments of principle and interest of $1514.66 beginning on July 1, 2006 ending January 1, 2013 totaling $119,658.14 to Lender.

33. Affiant received an unsigned letter dated January 9, 2013 from Lender (Exhibit I) notifying Affiant that Lender had received the $1514.66 payment, but that the amount was insufficient.

34. Affiant mailed a letter on January 19, 2013 to Lender (Exhibit J) notifying Lender that Affiant had cancelled the escrow account due to Lender violating the agreement by not making timely payments resulting in the canceling of Affiant's homeowner insurance and Affiant incurring additional costs.

35. Affiant received an unsigned letter dated February 6, 2013 from Lender (Exhibit K) stating the loan was in default.

36. Affiant received a letter dated February 12, 2013 from Lender (Exhibit L) signed by Bruce Gordon stating that servicing of the loan was transferred to Seterus, Inc. effective March 1, 2013.

37. Affiant received an unsigned letter dated March 7, 2013 from Seterus, Inc. (Exhibit M) stating that Seterus, Inc. was the servicer and debt collector for Fannie Mae.

38. Affiant has never received any notification from Lender that the Note/loan was transferred or sold to Fannie Mae or anyone else.

39. Affiant has not received nor is aware of any evidence in the record of this case from the Plaintiff, FEDERAL NATIONAL MORTGAGE ASSOCIATION (Fannie Mae), stating anything regarding SHD Legal Group PA as an agent or counsel for Fannie Mae.

40. Affiant examined an alleged original note filed with the Court by Plaintiff on March 7, 2014 and said note is NOT the original Note as so stated by Affiant's affidavit filed on July 3, 2014.

41. Affiant served and filed DEFENDANT'S VERIFIED MOTION TO STRIKE PLAINTIFF'S FILING OF ALLEGED ORIGINAL NOTE & MORTGAGE on July 3, 2014.

Further Affiant sayeth not.

All Rights Reserved Without Prejudice

By: *gregory-dean:williams 6/10/2015*

For GREGORY D. WILLIAMS
206 Diamond Cove
Destin, FL 32541
850-654-4415

Subscribed and sworn to (or affirmed) before me

on this __10__ day of ___June___, 2015,

by <u>gregory-dean: williams</u> personally known to me or proved to me on the

basis of satisfactory evidence to be the person who appeared before me.

_____ Seal
NOTARY PUBLIC   Cheryl Wyren
My Commission Expires:  9-17-16


CHERYL WYREN
MY COMMISSION # EE 831506
EXPIRES: September 17, 2016
Bonded Thru Budget Notary Services

# ANNEX D

IN THE CIRCUIT COURT FOR OKALOOSA
COUNTY, FLORIDA. CIVIL DIVISION

FEDERAL NATIONAL MORTGAGE ASSOCIATION,          Case No: 2013 CA 003424 F

    Plaintiff,

vs.

GREGORY D. WILLIAMS; et.al.;

    Defendants,

_____/

## GREGORY D. WILLIAMS'S AFFIDAVIT OF JULY 23, 2015 NON-JURY TRIAL

STATE OF FLORIDA    )
                 ) SS.
COUNTY OF OKALOOSA  )

BEFORE ME, the undersigned, gregory-dean: williams, personally appeared who after being first duly sworn on oath deposes and affirms:

> i, a man, gregory-dean: williams, ("the undersigned"), with personal knowledge of matters set forth herein and as one of the people of Florida, in correct public capacity, being of majority age, competent to testify with clean hands declares and verifies that the facts stated herein are true, correct, and complete in all material fact, not misrepresented and made under the penalties of perjury of the laws of the united States of America and Florida, except as to those matters that are therein made upon information and belief, and as to those claims or facts, the undersigned will testify to the veracity of said statements, hereby submits this statement of the proceeding held at 1:30PM on July 23, 2015 in the chambers of Judge John T. Brown in room 3-439 of the Okaloosa County Courthouse Annex Extension in Fort Walton Beach, Florida.

Affiant (hereinafter Defendant) was the Defendant at the Non-Jury Trial for the above referenced case held on July 23, 2013. At that trial during Judge Brown's ruling, he gave arguments for, and unsworn (and in Defendantt's belief false) testimony, in favor of Plaintiff regarding critical pieces of evidence. The Defendant gave sworn competent testimony of the correct legal size (14 inch length) of the original Note & Mortgage supported by evidence of legal size copies of the original note &

mortgage made at the time of signing the original documents. Defendant also gave sworn testimony that the original documents (also supported by the evidence of Defendant's copies and the recorded mortgage) had loan numbers printed on them. Plaintiff's alleged original Note & Mortgage were only 11 inches in length and had no loan numbers printed on them. Defendant's testimony was not refuted by the Plaintiff. However, Judge Brown gave unsworn testimony and arguments during his ruling in an attempt to refute Defendant's testimony and evidence. Judge Brown falsely stated there was no evidence that the original Note & mortgage were on legal sized paper. Judge gave further testimony and argument that the loan numbers on the alleged original Note & Mortgage were covered with whiteout tape. Judge Brown's testimony and arguments attempting to refute the sworn testimony of the Defendant which the Judge delivered in his ruling, gave no opportunity for the Defendant to cross-examine the Judge or rebut/refute the Judge's arguments that were clearly prejudiced in favor of the Plaintiff.

Judge Brown stated in his ruling, "his [Defendant's] testimony was that he did sign them [original note & mortgage] on legal paper and I acknowledge that, but as far as looking at the paperwork, there's no evidence that, looking at the document [Defendant's evidence of legal size copies of the original note & mortgage made at the time of signing], that what Mr. Williams signed was on legal paper. Also, all of the arguments about the numbers which are on the top left hand corner of each of the documents, being there or not being there when he signed those, there's whiteout, or at least whiteout tape on both of the documents. [referring to Plaintiff's alleged original documents]"

When Defendant previously examined Plaintiff's filing of alleged original documents, no such evidence of whiteout tape was present. Plaintiff's alleged originals filed on March 7, 2014 were clearly not the originals as stated in Defendant's affidavit filed on July 3, 2014. Furthermore, Plaintiff's own witness during testimony attempting to authenticate the document was asked about the lack of loan numbers at which time the witness examined said documents for the missing loan

numbers and the witness simply stated they were not there without any testimony regarding evidence of being covered by whiteout tape which Defendant believes would be plainly evident if such whiteout tape existed.

Judge Brown had no authority to give evidence and argument in favor of Plaintiff in a prejudiced attempt to refute Defendant's evidence which the Plaintiff did not refute. It is the Defendant's belief that because of Judge Brown's prejudice against the Defendant's case supported by the evidence stated herein, Judge Brown manufactured evidence and made arguments for the Plaintiff against the Defendant thus denying the Defendant a fair trial. With such blatant demonstration of a lack of impartiality and prejudice in favor of Plaintiff, Defendant fears he has not, and will not, receive a fair trial or hearing in the above referenced case.

i, a man; gregory-dean: williams, for GREGORY D. WILLIAMS, certify that I was present at the afore stated proceeding and that the foregoing is a true record of my recordings, notes, and recollections of said proceeding.

All Rights Reserved Without Prejudice

By: *gregory-dean;williams* 7/28/2015

gregory-dean: williams
206 Diamond Cove
Destin, FL 32541
850-654-4415

Subscribed and sworn to (or affirmed) before me

on this 28th day of July, 2015,

by gregory-dean: williams personally known to me or proved to me on the

basis of satisfactory evidence to be the person who appeared before me. produced FL drivers license

NOTARY PUBLIC
My Commission Expires:
Kimberly I. Montgomery

Seal

KIMBERLY I. MONTGOMERY
MY COMMISSION # FF 076984
EXPIRES: March 5, 2018
Bonded Thru Budget Notary Services

Page 3 of 3