Page 1 of 5

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GREGORY DEAN WILLIAMS,
    Plaintiff,

vs.                                        Case No.: 3:19cv1/MCR/EMT

JOHN T. BROWN, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This cause is before the court upon Plaintiff's civil complaint filed claiming violations of his constitutional rights and of other federal laws (ECF No. 1). Upon review of Plaintiff's complaint, the court concludes that this case should be dismissed for lack of jurisdiction under the Rooker-Feldman doctrine.

    A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction. Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir.2001); Burt Dev. Co. v. Bd. of Comm'rs of Lee Cty., Georgia, 230 F. App'x 910, 912 (11th Cir. 2007); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999). The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Burt, 230 F. App'x at 912; Lovern, 190 F.3d at 653.

    The complaint centers on a foreclosure action that was initiated against Plaintiff's property in Case No. 2013 CA 003424F, in the First Judicial Circuit Court

in and for Okaloosa County, Florida.  As stated in the complaint, judgment of foreclosure was entered on July 27, 2015, and on September 20, 2016, the First District Court of Appeal affirmed that judgment (ECF No. 1 at 9–10).[1]

Plaintiff names as Defendants those who participated in the foreclosure action, including judges, court clerks, and the attorneys representing plaintiffs in the foreclosure.  Invoking 42 U.S.C. § 1983, Plaintiff raises violations of his constitutional rights under the Fifth, Seventh, and Fourteenth Amendments; he also claims violations of 28 U.S.C. § 1355(a), the Fair Debt Collection Practices Act (FDCPA), and the Racketeer Influenced and Corrupt Organizations Act (RICO).  The allegations in the complaint squarely attempt to call into question rulings made against him during the foreclosure proceedings (ECF No. 1 at 7–15).  Plaintiff claims deprivations of due process and of trial by jury, obstruction of justice, fraud, forgery, and violations of RICO and FDCPA (*id.* at 15–17).   As relief he seeks to have the

---

[1] The court's own perusal of the case docket in the Okaloosa County foreclosure action confirms that final judgment of foreclosure was entered in July 2015 against Plaintiff and that the judgment was affirmed on appeal in December 2016.  *See* https://clerkapps.okaloosaclerk.com/ LandmarkWeb/search/index?theme=.blue&section=searchCriteriaCaseNumber&quickSearch Selection=  (web page accessed on January 15, 2019); *see also* Young v. City of Augusta, Ga., 59 F.3d 1160, 1166 n.11 (11th Cir. 1995) (providing that the court may take judicial notice of documents filed in other judicial proceedings for  limited purposes such as reviewing the subject matter of the litigation and/or issues decided).  In re Delta Resources, Inc., 54 F.3d 722, 725 (11th Cir. 1995).

Case No.: 3:19cv1/MCR/EMT

judgment of foreclosure rendered void and vacated, an award of punitive damages, and fees and costs (*id.* at 18–20).

The Rooker-Feldman doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation. *See* Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476–82, 103 S. Ct. 1303, 1311–15, 75 L. Ed. 2d 206 (1983). The Eleventh Circuit has described the Rooker-Feldman doctrine as follows:

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citations and quotations omitted). The Rooker-Feldman doctrine applies so long as the plaintiff had a "reasonable opportunity to raise his federal claim in state proceedings." Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996) (quoting Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983)); Symonette v. Aurora Loan Servs., LLC, 631 F. App'x 776, 778 (11th Cir. 2015).

In the instant case, Plaintiff fully defended against the state foreclosure action and also filed a counterclaim against one of the plaintiffs in the case. All claims were resolved, judgment was entered, and the decision was affirmed on appeal. Now in this court, Plaintiff seeks an order voiding and vacating these state court judgments. Plaintiff essentially seeks to use this court as an appellate tribunal, the very sort of situation that the Rooker-Feldman doctrine was designed to eliminate. The fact that Plaintiff additionally seeks punitive damages does not alter the application of the doctrine as damages are wholly based on the allegation of wrongful foreclosure. *See* Figueroa v. Merscorp, Inc., 766 F. Supp. 2d 1305, 1324 (S.D. Fla. 2011), *aff'd*, 477 F. App'x 558 (11th Cir. 2012) (citing Rene v. Citibank, 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999)). Therefore, this complaint should be dismissed under the Rooker-Feldman doctrine for lack of jurisdiction.

Accordingly, it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for lack of jurisdiction.

At Pensacola, Florida, this 17th day of January 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:19cv1/MCR/EMT